3011818-RTV

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RYAN COMPANIES, US, INC., a Minnesota Corporation, and WESTFIELD INSURANCE COMPANY, an Ohio Corporation,<br><br>    Plaintiffs,<br><br>    v.<br><br>HARTFORD FIRE INSURANCE COMPANY, a Connecticut Corporation,<br><br>    Defendant. | No. |

## COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF

Plaintiffs, Ryan Companies, US, Inc. (hereinafter "Ryan") and Westfield Insurance Company (hereinafter "Westfield"), by SmithAmundsen LLC, for their Complaint for Declaratory Judgment pursuant to 28 U.S.C. Sec. 2201 and 2202 and for Other Relief against Hartford Fire Insurance Company (hereinafter "Hartford"), state as follows:

## COUNT I - RYAN AND WESTFIELD - DECLARATORY JUDGMENT

### JURISDICTION

1. The jurisdiction of this Court is premised upon 28 U.S.C. Section 1332 in that there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs.

2. At all times relevant hereto, Ryan was a Minnesota corporation with its principal place of business located in Minneapolis, Minnesota. Ryan was the general contractor at the construction project located at 5401 Trillium Boulevard, Village of Hoffman Estates, Cook County, Illinois, the location of the accident which is the subject of the underlying *Romanek* suit, detailed below.

3. At all times relevant hereto, Westfield was an Ohio corporation with its principal place of business in Westfield Center, Ohio, was licensed to do business in the State of Illinois and was in the business of insurance. Westfield issued a policy of liability insurance to its named insured, Oak Brook Mechanical Services. Ryan qualifies as an additional insured on the policy subject to its terms and conditions. Westfield has defended and continues to defend Ryan in the underlying *Romanek* suit, detailed below.

4. At all times relevant hereto, Hartford was a Connecticut corporation with its principal place of business in Hartford, Connecticut, was licensed to do business in the State of Illinois and was in the business of insurance. Hartford issued a commercial general liability insurance policy to its named insured, Aires Consulting Group ("Aires"), described below. Ryan qualifies as an "additional insured" on the Hartford policy, subject to its terms and conditions. However, Hartford has denied coverage to Ryan for the claims against Ryan in the *Romanek* suit, as detailed below.

**VENUE**

5. Venue is premised upon 28 U.S.C. Section 1391 in that a substantial part of the events or omissions giving rise to this suit occurred in this district.

**NATURE OF THE CASE**

6. This is an action for declaratory judgment and other relief. The plaintiffs seek a declaration that Ryan qualifies as an additional insured on the Hartford policy; that

Hartford has owed and continues to owe Ryan a duty to defend in the *Romanek* suit, has breached said duty and is thereby estopped from denying indemnity to Ryan; and that Hartford owes Westfield reimbursement for the costs incurred by Westfield in defending Ryan in the *Romanek* suit.

### THE *ROMANEK* SUIT

7. On July 2, 2009, Byron Romanek ("Romanek") filed an Amended Complaint at Law (the "*Romanek* Complaint") against Ryan, Aires and others in the Circuit Court of Cook County, Illinois, under Case No. 08 L 003470 (the "*Romanek* suit"). A copy of the *Romanek* Complaint is attached hereto as Exhibit 1.

8. The *Romanek* Complaint alleges that on March 31, 2006, Romanek was employed by B & N Heating and Air Conditioning, Inc. ("B&N") and was in the course of his employment at a construction project when he fell through a hole in a roof and was injured.

9. The *Romanek* Complaint alleges that Ryan was the general contractor of the construction project.

10. The *Romanek* Complaint alleges that Ryan, through its agents, servants and employees, was guilty of one or more of the following careless and negligent acts and/or omissions:

    a. Failed to provide a fixed object to which the plaintiff could tie off his safety lanyard;

    b. Failed to make a reasonable inspection of the premises and the work being done thereon, when the defendant knew, or in the exercise of ordinary care should have known, that the inspection was necessary to prevent injury to the plaintiff;

    c. Improperly operated, managed, maintained, and controlled the aforesaid premises, so that as a direct and proximate result thereof, the plaintiff was injured;

3

      d.      Failed to provide the plaintiff with a safe place within which to work;

      e.      Failed to warn the plaintiff of the dangerous conditions then and there existing when the defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the plaintiff;

      f.      Failed to provide adequate safeguards to prevent the plaintiff from injury while lawfully upon said premises;

      g.      Failed to supervise the work being done on the aforesaid premises.

11. The *Romanek* Complaint alleges that Romanek was injured as a direct and proximate result of one or more of the foregoing negligent acts or omissions of Ryan. Ryan denies that any act or omission on its part caused Romanek's alleged injuries and brings this action without prejudice to its denial.

12. The *Romanek* Complaint alleges that Aires was a consultant in charge of construction safety at the project, had a duty to conduct safety inspections, was present during the course of such construction work, had the authority to stop the work and was guilty of one or more of the following careless and negligent acts and/or omissions:

      a.      Failed to make a reasonable inspection of the premises and the work being done thereon, when the defendant knew, or in the exercise of ordinary care should have known, that the inspection was necessary to prevent injury to the plaintiff;

      b.      Improperly operated, managed, maintained and controlled the aforesaid premises so that as a direct and proximate result thereof, the plaintiff was injured;

      c.      Failed to provide the plaintiff with a safe place within which to work;

      d.      Failed to warn the plaintiff of the dangerous conditions then and there existing, when the defendant knew, or in the exercise of ordinary care should have known, that said warning was necessary to prevent injury to the plaintiff;

      e.    Failed to provide adequate safeguards to prevent the plaintiff from injury while lawfully upon said premises; and

      f.    Failed to supervise the work being done on the aforesaid premises.

13.    The *Romanek* Complaint alleges that Romanek was injured as a direct and proximate result of one or more of the foregoing negligent acts or omissions of Aires.

## THE AGREEMENT BETWEEN RYAN AND ARIES

14.    On or about March 13, 2006, Ryan and Aries entered into an "Agreement Between Design-Builder and Safety Consultant" (the "Agreement") which identified Ryan as "Design-Builder" and Aires as "Consultant". A copy of the Agreement is attached hereto as Exhibit 2. The Agreement provided in pertinent part:

    1.    Consultant's Responsibilities:

        1.1.    <u>Services</u>. Consultant shall perform certain services as described on Attachment A attached hereto (hereinafter called "Services"). Consultant shall investigate construction practices; verify compliance with OSHA, Ryan Safety Policies, Project Specific Safety policies and procedures, and document such.
        . . .

        2.2.    <u>Insurance</u>. Consultant shall keep and maintain the following insurance coverages.
        . . .

       i.    <u>General Liability Insurance</u>. Consultant [Aires] shall maintain general liability insurance…with coverage to include; [sic] Premises/Operations, Personal Injury, Products and Completed Operations and Contractual Liability. Design-Builder [Ryan] shall be named as an additional insured under Consultant's [Aires] general liability insurance, and such coverage shall be primary and non-contributory to all other insurance or self-insurance maintained by the Design-Builder [Ryan] . . . .

        * * *

5

## THE CERTIFICATE OF INSURANCE

15. On information and belief, Aires caused a Certificate of Liability Insurance to be issued by its insurance producer, which identified Hartford as Aires' Commercial General Liability Insurer for the policy period of July 1, 2005 to July 1, 2006, and identified Ryan as an additional insured on the Hartford policy. A copy of the Certificate is attached hereto as Exhibit 3.

## THE HARTFORD POLICY

16. On information and belief, Hartford issued a policy of Commercial General Liability Insurance to Aires, Policy No. 83UUNRY0785, effective from July 1, 2005 to July 1, 2006 (the "Hartford policy"). The preamble of the Hartford policy provides that the words "you" and "your" refer to Hartford's named insured, Aires.

17. On information and belief, the Hartford policy includes the following terms:

**SECTION I - COVERAGE A - BODILY INJURY …LIABILITY.**

    **1.    Insuring Agreement**

    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" … to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.

\* \* \*

**SECTION II - WHO IS AN INSURED**

\* \* \*

    6.    The following are also an insured when you have agreed, in writing, in a contract or agreement that another person or organization be added as an additional insured on your policy, provided the injury or damage or occurs subsequent to the execution of the contract or agreement.

\* \* \*

6

    d.    Any architect, engineer, or surveyor but only with respect to liability arising out of your premises or ongoing operations performed by you or on your behalf . . . .

    e.    Any other person or organization who is not an insured under Paragraphs a. through d. above, but only with respect to your operations, "your work" or facilities owned or used by you.

* * *

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

* * *

**7.    Separation of Insureds**

Except with respect to the Limits of Insurance, and any rights or duties specifically assigned in this Coverage Part to the First Named Insured, this insurance applies:

* * *

    b.    Separately to each insured against whom claim is made or "suit" is brought.

* * *

**SECTION V – DEFINITIONS**

* * *

25.    "Your work":

    Means:

    (1)    Work or operations performed by you or on your behalf; and

* * *

    b.    Includes:

    (2)    The providing of or failure to provide warnings or instructions.

* * *

18. With respect to the claims made against it in the *Romanek* suit, Ryan qualifies as an insured on the Hartford Policy, based on Ryan's Agreement with Aires and the policy's definition of an insured.

### RYAN'S TENDER AND HARTFORD'S DENIAL OF COVERAGE

19. On July 14, 2009, Ryan sent a letter, tendering its defense and indemnity to Aires and Hartford. Ryan expressly informed Hartford that Ryan sought coverage from Hartford on a primary and non-contributory basis. A copy of Ryan's letter is attached hereto as Exhibit 4.

20. By letter dated July 28, 2009, Hartford acknowledged that Ryan qualified as an insured on the Hartford policy. Nevertheless, Hartford denied coverage to Ryan based on an "Engineers, Architects or Surveyors Professional Liability Exclusion," a "Designated Professional Services Exclusion," and information extrinsic to the *Romanek* Complaint regarding the nature of the work of performed by Aires. A copy of Hartford's denial letter is attached hereto as Exhibit 5.

### BASIS FOR RELIEF

21. Ryan has been, and continues to be, owed defense and indemnification for the *Romanek* suit under the Hartford policy. Ryan meets the policy's definition of an insured. The allegations of the *Romanek* Complaint give rise to the possibility that Ryan's alleged liability for Romanek's injuries arose out of Aires' work under its Agreement with Ryan. The exclusions relied on by Hartford do not operate to bar coverage for Ryan.

22. Hartford's denial relied on information outside of the four corners of the *Romanek* Complaint.

23. Hartford refused to defend Ryan in the *Romanek* suit and did not file a declaratory judgment action in order to adjudicate its rights and duties with respect to Ryan's tender of the *Romanek* suit.

24. Hartford breached its duty to defend Ryan and is therefore estopped to deny indemnity to Ryan.

## APPLICABLE LAW

25. An actual controversy exists between the parties concerning whether Hartford owes Ryan the duty to defend and indemnify in the *Romanek* suit.

26. Pursuant to 28 U.S.C. Sec. 2201 and 2202, this Court is granted the power to determine and adjudicate the rights and obligations of the parties hereto.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Ryan and Westfield pray that this Court enter a judgment, finding and declaring that:

A. Hartford owes Ryan the primary and non-contributory duty to defend and indemnify Ryan in the *Romanek* suit, subject only to the limits of liability of the Hartford policy;

B. Hartford has breached its duty to defend Ryan; and

C. Hartford is estopped from raising policy defenses to its duty to indemnify Ryan;

Ryan and Westfield further pray for an award of their costs incurred herein and for such further relief as this Court deems just.

## COUNT II- RECOVERY OF DEFENSE EXPENSES BASED ON EQUITABLE SUBROGATION - WESTFIELD

### JURISDICTION

27. This Court has supplemental jurisdiction for the claims set forth in this Count pursuant to 28 U.S.C. 1367 in that the claim is so related to the claims set forth in Count I, which is within the original jurisdiction of this Court, that it forms part of the same case or controversy.

### VENUE

28. Venue is premised upon 28 U.S.C. Section 1391 in that a substantial part of the events or omissions giving rise to this suit occurred in this district.

### STATEMENT OF CLAIM

29. Westfield repeats and realleges paragraphs 1 through 24 of Count I as and for paragraph 29 of this Count II as though fully set forth herein.

30. Westfield issued a policy of commercial insurance to Oak Brook Mechanical Services under policy No. CMM 3955430 with a policy period of December 31, 2005 to December 31, 2006 (the "Westfield policy"). The Westfield policy included a Commercial General Liability Coverage Part ("CGL"). The Insuring Agreement of the CGL provides:

> **COVERAGE A – BODILY INJURY …LIABLITY**
>
> 1. **Insuring Agreement**
>
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury"…to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages.
>
> * * *

31. The CGL includes an Additional Insured Endorsement which provided in part as follows:

> **ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – AUTOMATIC STATUS WHEN REQUIRED IN CONSTRUCTION AGREEMENT WITH YOU.**
>
> A. **Section II – Who Is An Insured** is amended to include as an additional insured any person or organization for whom you are performing operations when you and such person or organization have agreed in writing in a contract or agreement that such person or organization be added as an additional insured on your policy. Such person or organization is an additional insured only with respect to liability for "bodily injury", … caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
>
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured.
>
> * * *

32. Based on a contract that Ryan had with Oak Brook Mechanical Services, Ryan qualifies as an additional insured on the endorsement to the CGL, subject to the CGL's terms conditions and exclusions. Westfield has provided a defense to Ryan in the *Romanek* suit, pursuant to the contract and endorsement.

33. Ryan's tender letter to Hartford selected the Hartford policy to be the primary and non-contributory source of Ryan's defense and indemnity in the *Romanek* suit.

34. Because Hartford has breached its duty to defend Ryan in the *Romanek* suit, Westfield has defended Ryan.

35. Based on the doctrine of equitable subrogation, Westfield is entitled to reimbursement from Hartford of all defense costs and expenses that Westfield has paid

11

on behalf of Ryan since the time Hartford's duty to defend Ryan was triggered, in the current amount of approximately $40,000, plus all additional sums incurred by Westfield in Ryan's defense prior to entry of judgment herein.

## PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth above, Westfield prays that judgment be entered in its favor and against Hartford in the amount of all costs and expenses incurred by Westfield in the defense of Ryan in the *Romanek* suit, plus Westfield's costs incurred herein and for such other and further relief as this Court deems just.

## COUNT III - WESTFIELD - CONTRACTUAL SUBROGATION

36. Westfield repeats and realleges Paragraphs 1- 34 of Count II as and for Paragraph 36 of this Count III, as though fully set forth herein. This count is pleaded in the alternative and without prejudice.

37. The Westfield CGL policy contains a "Transfer of Rights" condition which provided as follows:

> **8. Transfer Of Rights Of Recovery Against Others To Us**
>
> If the insured has rights to recover all or part of any payment we have made under this Coverage Part, those rights are transferred to us. The insured must do nothing after loss to impair them. At you request, the insured will bring "suit" or transfer those rights to us and help us enforce them.
>
> * * *

38. Pursuant to the "Transfer of Rights" condition, Ryan's rights against Hartford are transferred to Westfield.

39. Based on Hartford's breach of its duty to defend Ryan in the *Romanek* suit, and the "Transfer of Rights" condition, Westfield is contractually subrogated to the rights of Ryan against Hartford and is entitled to reimbursement from Hartford of all

defense costs and expenses that Westfield has paid on behalf of Ryan since the time Hartford's duty to defend Ryan was triggered, in the current amount of approximately $40,000, and all additional sums incurred by Westfield in Ryan's defense, prior to entry of judgment herein.

### PRAYER FOR RELIEF

WHEREFORE, for the reasons set forth hereinabove, Westfield prays that judgment be entered in its favor and against Hartford in the amount of all costs and expenses incurred by Westfield in the defense of Ryan in the *Romanek* suit, or, in the alternative and without prejudice, 50% of said sums, plus Westfield's costs incurred herein and for such other and further relief as this Court deems just.

### COUNT IV - WESTFIELD – EQUITABLE CONTRIBUTION

40. Westfield repeats and realleges Paragraphs 1- 34 of Count II as and for Paragraph 40 of this Count IV, as though fully set forth herein. This count is pleaded in the alternative and without prejudice.

41. Both the Westfield policy and the Hartford policy covered Ryan for actual or alleged liability arising out of Ryan's supervisory responsibilities as general contractor of the jobsite at which Mr. Romanek was injured.

42. There is sufficient identity of the risks covered by the Westfield and Hartford policies to entitle Westfield to recover a 50% share of all defense costs and expenses that Westfield has paid on behalf of Ryan since the time Hartford's duty to defend Ryan was triggered, in the current amount of approximately $40,000, and 50% of all additional sums incurred by Westfield in Ryan's defense, prior to entry of judgment herein, based on the doctrine of equitable contribution.

**PRAYER FOR RELIEF**

WHEREFORE, for the reasons set forth hereinabove, Westfield prays that judgment be entered in its favor and against Hartford in the amount of 50% of all costs and expenses incurred by Westfield in the defense of Ryan in the *Romanek* suit, plus Westfield's costs incurred herein and for such other and further relief as this Court deems just.

Respectfully submitted,

WESTFIELD INSURANCE COMPANY,

By:   s/ Richard T. Valentino
       One of Its Attorneys

Richard T. Valentino
SmithAmundsen LLC
150 North LaSalle Street
Suite 3300
Chicago, IL 60601
Phone: (312) 894-3200
FAX: (312) 894-3210